## POOLE AND WIFE v. GERRARD et al.

In an action in which a homestead right is asserted, in which an issue of fact is made as to the marriage of the parties claiming to be husband and wife, the declarations of the alleged wife to the effect that she is not married, are admissible in evidence.

Parol evidence of the contents of a written contract between the alleged husband and wife to live together without marriage is inadmissible, except after due notice to produce the contract, and refusal to do so.

But where such evidence is offered simply to prove the fact that a writing was made in reference to the matter in controversy, without stating the contents of the same, it is admissible.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The facts appear in the opinion of the Court.

*J. B. Hart* for Appellants.

*Sidney V. Smith* for Respondents.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

This was an action to recover certain premises, alleged by plaintiffs to be their homestead. The defendants claimed the premises under separate deeds from plaintiffs. The trial was had before a jury, and the main issue was the marriage of the plaintiffs. Verdict for defendants; motion for new trial overruled, and plaintiffs appealed.

1. The first point made by the plaintiffs is, that the Court erred in admitting in evidence the separate deeds of the plaintiffs, to the defendant Gerrard, to the premises in question. The plaintiffs based their right to recover entirely upon the question of homestead; and the separate deeds of the plaintiff were immaterial under the issues made by the pleadings. But, from the record, we can not perceive how the plaintiffs were injured. It is stated that the Court charged the jury, but the instructions given are not found in the record; and we must presume that the

Court gave proper instructions. With proper instructions, the admission of the deeds could do the plaintiffs no harm.

2. The second objection made by plaintiffs' counsel goes to the admission of parol proof of the contents of a written agreement, without first laying the proper foundation. The main question being the marriage of plaintiffs, to sustain the issue on their part they proved that they had lived together as husband and wife, and were so considered by the community in which they lived. To rebut this proof, the defendants proved the declarations of Helen Poole that they were not married; and then proved by the same witness that Helen Poole had shown to the witness a written contract between the plaintiffs; that witness read the contract; and that it was a contract for plaintiffs to live together as long as they could agree. The plaintiffs objected to the introduction of this proof, without the proper notice to produce the writing itself. The objection was overruled, and proper exception taken.

The four hundred and forty-seventh section of the Code provides that "there shall be no evidence of the contents of a writing other than the writing itself, except in" the cases mentioned. The second exception stated is, where "the original is in possession of the party against whom the evidence is offered, and he fails to produce it, after reasonable notice."

Where parol testimony is offered, simply to prove the fact that a writing was made in reference to the matter in controversy, without stating the contents of the same, it is admissible, if relevant, under the circumstances of the particular case. But, when it is sought to prove the stipulations contained in the writing, the parol evidence is not admissible, without first taking the proper preliminary steps. The Code is very explicit, that you shall not prove the *contents* of the writing other than by the writing itself, except in the cases mentioned.

The counsel of defendants insists that the contents of the contract proved by the witness were merely collateral, and, therefore, inadmissible. To sustain his position, he refers us to the cases of Tucker v. Welsh, (17 Mass. Rep., 164,) and McFadden v. Kingsbury, (11 Wend., 667.)

In the first case cited the decision of the point was not necessary, and the language of the opinion was mere *dictum*. This *dictum* has been questioned by very high authority. (2 Cowen & Hill's notes to Phil. on Ev., 400.) In the second case, it was not necessary to prove the notice at all; and it is not perceived how rejecting the oral proof of the contents of the written notice could have been error. And it may be remarked that, in stating the exception to the general rule, requiring the production of the writing itself, Professor Greenleaf, in section eighty-nine of his very accurate work on evidence, is very careful not to put

in the text the two instances found in the cases cited above, but simply refers to them, without comment, in the notes.

The true rule is stated in 2 Cowen & Hill's notes, on page 401, with great clearness: "So, where the transaction, or matter to which the writing relates, may be proved entirely independent of it, yet, if the contents are inquired after, it must be produced; for, as to these, it is the best evidence."

The contents of the written contract between the plaintiffs were most material to the main issue in the case, and these contents could only be known from the writing. The knowledge of the witness was derived from the writing itself. The mere fact that there was a contract between the parties could avail the defendants nothing, without proof of its contents; and the best proof of these contents was the writing itself. No notice to produce the writing having been first given, the Court below erred in permitting proof of its contents to go to the jury.

3. The third point made by the plaintiffs is, that the Court erred in admitting in evidence the declarations of Helen Poole, to disprove the *prima facie* case made by the plaintiffs. We think there was no error in this. (Jewell's Lessee v. Jewell, 1 How. U. S. Rep., 219.)

For the reason stated the judgment must be reversed, and the cause remanded for further proceedings.